IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-mc-655 |
| SMITH INTERNATIONAL, INC., *et al.*, | § § | |
| Defendants. | § § | |

**ORDER DENYING MOTION TO TRANSFER AND APPOINT THIRD ARBITRATOR**

The plaintiffs, National Oilwell Varco, ReedHycalog UK, Ltd., ReedHycalog, LP, and Grant Prideco, Inc., moved to transfer this case from Judge George C. Hanks, Jr., to Chief Judge Lee H. Rosenthal, asking the court to select a third arbitrator. (Docket Entry Nos. 1, 2). The defendants, Smith International, Inc., Schlumberger Technology Corp., Schlumberger Canada Ltd., and Schlumberger Holdings Ltd., responded, pointing out that this court has discretion to refuse to select the third arbitrator for the parties' upcoming arbitration. (Docket Entry No. 7 at 1). The court has reviewed the parties' briefs and exhibits and finds that oral argument is unnecessary. The court denies Varco's motion to transfer and motion for appointment of a third arbitrator. (Docket Entry Nos. 1, 2).

The parties' arbitration agreement reads as follows:

The two named arbitrators shall select the third arbitrator within fifteen (15) days after the date on which the second arbitrator was named. Should the two arbitrators fail to agree on the selection of the third arbitrator, any Party shall be entitled to request the Senior Judge of the United States District Court of the Southern District of Texas to select the third arbitrator. If the Senior Judge refuses or is unable to select the third arbitrator, the Parties shall ask the AAA to appoint the third arbitrator, it being understood, however, that the AAA shall not act as administrator of the arbitration.

(Docket Entry No. 7-2 at 7−8).

This court previously pointed out that Chief Judge Rosenthal, while the Chief Judge of the Southern District of Texas, is neither a "senior" district court judge nor the most senior or longest-serving active district court judge in the Southern District of Texas. Neither party provided a reason why the contract requires Chief Judge Rosenthal to select the third arbitrator. The ambiguous reference to "senior judge" is concerning because it leaves the door open for either party to later challenge any arbitrator the court might choose.

The parties agree that the court has discretion as to whether to choose a third arbitrator for the parties. The parties' agreement allows the American Arbitration Association to "appoint the third arbitrator" if the court chooses not to. The AAA will competently perform this task. The court declines.

Varco's motion to transfer and motion for appointment of a third arbitrator, (Docket Entry Nos. 1, 2), are denied.

SIGNED on April 12, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge